Mieke K. Malmberg
(SBN 209992)
SKIERMONT DERBY LLP
800 Wilshire Blvd., Ste. 1450
Los Angeles, CA 90017
Phone: (213) 788-4500
Fax: (213)788-4545
mmalmberg@skiermontderby.com

Paul J. Skiermont (admitted *pro hac vice*)
Christopher Hodge (admitted *pro hac vice*)
SKIERMONT DERBY LLP
1601 Elm St., Ste. 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
chodge@skiermontderby.com

*Attorneys for Plaintiff Steve Siebold*

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE SIEBOLD,<br>　　　　　Plaintiff,<br><br>v.<br><br>WENDY KELLER and KELLER MEDIA, INC.,<br>　　　　　Defendants. | C.A. No. 2:19-cv-01173 GW (JPRx)<br><br>**PLAINTIFF STEVE SIEBOLD'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**<br><br>Hon. George H. Wu<br><br>Date: October 24, 2019<br><br>Time: 8:30 a.m.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF STEVE SIEBOLD'S MOTION FOR DEFAULT JUDGMENT**　　　1

     Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Steve Siebold ("Siebold") hereby seeks entry of default and default judgment against Defendant Keller Media, Inc. ("Keller Media"), and in support thereof state as follows:

1. On February 15, 2019, Plaintiff filed a Complaint against Keller Media asserting claims for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, et seq. (ECF 1, Compl. ¶¶ 80-100.)

2. Specifically, Plaintiff asserts claims for copyright infringement of three separate works: *177 Mental Toughness Secrets of the World Class*, *How Rich People Think*, and *Die Fat or Get Tough*. (*Id.* at ¶¶ 81, 88, 95.)

3. Plaintiff's Complaint seeks, among other things, actual damages under 17 U.S.C. §504(b), statutory damages under 17 U.S.C. §504, enhanced damages for willful infringement under 17 U.S.C. §504(c), a permanent injunction, and attorneys' fees and costs of suit under 17 U.S.C. § 505. (*Id.* at ¶¶ 85-86, 92-93, and 99-100.)

4. Keller Media was served with the Summons and Complaint on March 6, 2019. (ECF 24) Service was later confirmed. (Decl. of Mieke Malmberg ¶ 4 & Ex. 2; ECF 24).

5. Keller Media was required to file its answer to the Complaint on or before May 6, 2019, pursuant to the Stipulation to Extend Time to Respond to Initial Complaint by Not More than 30 Days (L.R. 8-3) (ECF 26) filed on March 26, 2019.

6. On May 8, 2019, Plaintiff filed an Application for Entry of Default against Keller Media (ECF 30) for its failure to file a responsive pleading by that deadline. The Clerk therefore entered Keller Media's default on May 14, 2019. (ECF 33).

7. This Court held a scheduling conference on July 8, 2019. Keller Media was not represented by counsel at the hearing.

8. As of today's date, and to the best of Plaintiff's knowledge, Keller Media has not filed an appearance, has not filed a responsive pleading with the Court, and has not served any responsive pleadings on Plaintiff's counsel. While defendant Wendy Keller, a principal of Keller Media, has appeared in her personal capacity, "a

**PLAINTIFF STEVE SIEBOLD'S MOTION FOR DEFAULT JUDGMENT**    2

corporation may appear in federal court only through licensed counsel." *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). No counsel has entered an appearance on behalf of Keller Media in this case to date.

9. Pursuant to L.R. 55-1, Plaintiff provides the following information:

(a) The default was entered against Keller Media on May 14, 2019 (ECF 33).

(b) The default was entered as to Plaintiff's Original Complaint (ECF 1).

(c) Keller Media is a corporation and therefore not an infant nor an incompetent person.

(d) Similarly, the provisions of the Servicemembers Civil Relief Act do not apply to Keller Media.

(e) Because Keller Media has not appeared personally or by a representative, notice is not required under Federal Rule of Civil Procedure 55(b)(2). However, a copy of this motion is being served on defendant Wendy Keller, president of Keller Media.

10. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff seeks statutory copyright damages in the amount of $150,000. Because Keller Media has defaulted, it is presumed to have admitted to the allegations in Plaintiff's Complaint—namely, that it intentionally and willfully infringed Plaintiff's copyright in at least Plaintiff's work *177 Mental Toughness Secures of the World Class*. *See* Complaint (ECF 1) ¶¶ 43-54, 80-100.

11. Pursuant to 17 U.S.C. § 505 and L.R. 55-3, Plaintiff requests attorneys' fees in the amount of $6,600, as well as taxable costs of court.

12. Pursuant to L.R. 55-2, Keller Media has received notice of the above amounts requested, by service of this motion upon Wendy Keller, its president.

13. Plaintiff requests that the Court issue an injunction against Keller Media pursuant to 17 U.S.C. § 502, ordering that Keller Media and its respective officers, agents, and employees, and all persons acting in concert with them, from marketing,

**PLAINTIFF STEVE SIEBOLD'S MOTION FOR DEFAULT JUDGMENT** 3

advertising, promoting, distributing, or entering into any licenses, contracts, or other agreements regarding any of the Plaintiff's works.

14. Plaintiff also requests that the Court issue a declaratory judgment stating that:

(a) Plaintiff is entitled to all advances, royalties, or any other benefits obtained by Keller Media in any way relating to Plaintiff's copyrighted works, including all proceeds of the following contracts described in Plaintiff's Complaint:

- July 2011 contract with Book21 for *How Rich People Think*;
- July 2012 contract with Sunmark for *Die Fat or Get Tough*;
- August 2013 contract with Embassy for *177 Mental Toughness Secrets of the World Class*;
- May 2016 contract with Sunmark for *How Rich People Think*; and
- January 2018 contract with Embassy for *How Rich People Think* and *Die Fat or Get Tough;*

and

(b) The contracts listed in (a) above are invalid unless and until ratified by Plaintiff.

15. Default judgment in this case comports with the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), namely: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the possibility of prejudice to the plaintiff; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.

16. The first two factors—merits of the claim and sufficiency of the complaint—require that a plaintiff "state a claim on which the plaintiff may recover." *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The complaint must therefore plead that Plaintiff owns a valid copyright and that Keller Media violated Plaintiff's exclusive rights under the copyright. The Complaint in this

case does so—it pleads authorship and copyright registration of Plaintiff's works (Compl. ¶¶ 18, 24, 81-82, 88-89, 95-96),[1] and it pleads that Keller Media violated Plaintiff's rights by securing contracts to have his works published in foreign countries without his consent or even his knowledge. (*E.g.*, Compl. ¶¶ 42-54).

17. The third *Eitel* factor, possibility of prejudice, is clear—without a default judgment, Plaintiff will likely be without other recourse for recovery against Keller Media. Moreover, since Plaintiff seeks injunctive and declaratory relief, infringement may continue unabated without a default judgment.

18. The fourth factor, the amount at stake, includes statutory damages appropriate to Keller Media's ongoing willful infringement. By way of this motion, Plaintiff does not seek damages for its other causes of action apart from copyright infringement.[2] The amount is therefore appropriate for default judgment. Moreover, Plaintiff also seeks injunctive and declaratory relief, which weights in favor of granting default judgment.

---

[1] *See also* U.S. Copyright Office Public Catalog entry for *177 Mental Toughness Secrets of the World Class*, https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1& Search _Arg=TXu001181965&Search_Code=REGS&CNT=10&PID=zW_ wfSmcjD3IaGtxPUes1dVKa3l&SEQ=20190912102125&SID=2 (last accessed Sept. 12, 2019) (attached as Ex. 4 to Malmberg Decl.); U.S. Copyright Office Public Catalog entry for *How Rich People Think*, https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search%5FArg=TX0008647869&Search%5FCode=REGS&CNT=10&PID=_AOQ40X3x4OxMkg-9XdVork8t&SEQ=20190912103308&SID=2 (last accessed Sept. 12, 2019) (attached as Ex. 5 to Malmberg Decl.); U.S. Copyright Office Public Catalog entry for *Die Fat or Get Tough*, https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search%5FArg=TX0008647867&Search%5FCode=REGS&CNT=10 &PID=XSFY_HsQlrG4ncwZGyc_MQlCXgQ&SEQ=20190912103023&SID=2 (last accessed Sept. 12, 2019) (attached as Ex. 6 to Malmberg Decl.).

[2] Plaintiff does not waive recovery of damages on these other causes of action and reserves the right to pursue them at another time to the extent permitted by law. Plaintiff also does not waive recovery on any cause of action as to Defendant Wendy Keller.

**PLAINTIFF STEVE SIEBOLD'S MOTION FOR DEFAULT JUDGMENT**               5

19. Regarding the fifth factor, possibility of dispute of material facts, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing T*eleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir.1987)).

20. The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. Keller Media was served with summons and the Complaint. (ECF 24, ECF 26). Keller Media did not file an answer or otherwise respond. Defendant Wendy Keller is Keller Media's President. (Compl. ¶ 10). She has answered the Complaint in her personal capacity (ECF 28) and has been served with all filings in this case, including the instant Motion. The Clerk's entry of Keller Media's default was also noted in the parties' Joint Rule 26(f) Report and Discovery Plan, which Ms. Keller signed. In this case, there was no excusable neglect.

21. The final factor requires consideration of the policy for deciding cases on the merits. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive. Moreover, Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed.R.Civ.P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Pepsico*, 238 F. Supp. 2d at 1177 (internal quotes and citations omitted). Default judgment is thus appropriate here.

WHEREFORE, Plaintiff respectfully requests that the Court enter default judgment against Defendant Keller Media

    (i) for statutory damages in the amount of $150,000, attorneys' fees of $6,600, and costs;

    (ii) permanently enjoining and restraining Keller Media and its respective officers, agents, and employees, and all persons acting in concert with

them, from marketing, advertising, promoting, distributing, or entering into any licenses, contracts, or other agreements regarding any of the Plaintiff's works; and

(iii) declaring that

(a) Plaintiff is entitled to all advances, royalties, or any other benefits obtained by Keller Media in any way relating to Plaintiff's copyrighted works, including all proceeds of the following contracts described in Plaintiff's Complaint:

- July 2011 contract with Book21 for *How Rich People Think*;
- July 2012 contract with Sunmark for *Die Fat or Get Tough*;
- August 2013 contract with Embassy for *177 Mental Toughness Secrets of the World Class*;
- May 2016 contract with Sunmark for *How Rich People Think*; and
- January 2018 contract with Embassy for *How Rich People Think* and *Die Fat or Get Tough*;

and

(b) The contracts listed in (a) above are invalid unless and until ratified by Plaintiff.

| | |
|---|---|
| Dated: September 19, 2019 | /s/ *Mieke K. Malmberg* <br> Mieke K. Malmberg <br> (SBN 209992) <br> SKIERMONT DERBY LLP <br> 800 Wilshire Blvd., Ste. 1450 <br> Los Angeles, CA 90017 <br> Phone: (213) 788-4500 <br> Fax: (213)788-4545 <br> mmalmberg@skiermontderby.com <br><br> Paul J. Skiermont (admitted *pro hac vice*) <br> Christopher Hodge (admitted *pro hac vice*) <br> SKIERMONT DERBY LLP <br> 1601 Elm St., Ste. 4400 <br> Dallas, TX 75201 <br> Phone: (214) 978-6600 <br> Fax: (214) 978-6601 <br> pskiermont@skiermontderby.com <br> chodge@skiermontderby.com <br><br> *Attorneys for Plaintiff Steve Siebold* |

**PLAINTIFF STEVE SIEBOLD'S MOTION FOR DEFAULT JUDGMENT**           8

# CERTIFICATE OF SERVICE

Pursuant to Civil Local Rule 5-4.1, I hereby certify that on the 19th day of September, 2019, the foregoing **STEVE SIEBOLD'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT** was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and via-e-mail and certified mail, return receipt requested, to:

> Keller Media, Inc.
> c/o Service Agent: Wendy Keller
> 1180 Cobble Hill Court
> Hoffman Estates, IL 60169

Dated: September 19, 2019

SKIERMONT DERBY, LLP

Respectfully submitted,

By: /s/ *Mieke K. Malmberg*

Mieke K. Malmberg

*Attorneys for Plaintiff Steve Siebold*