JS-6

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

STEVE SIEBOLD,
          Plaintiff,

v.

WENDY KELLER and KELLER MEDIA, INC.,
          Defendants.

C.A. No. CV 19-1173-GW-JPRx

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Steve Siebold ("Plaintiff") on the one hand, and Defendants Wendy Keller and Keller Media, Inc. (collectively, "Defendants") on the other (each a "Party," and collectively, the "Parties"), having consented to this judgment and the terms of the permanent injunction set forth below, this Court hereby finds as follows:

1. This Complaint arises under the laws of the United States, specifically the copyright laws of the United States, 17 U.S.C. §101, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this suit involves a federal question and arises under the laws of the United States.

2. That venue is proper in this District under 28 U.S.C. § 1391. Defendants reside in this District, and a substantial part of the events or omissions giving rise to the Action occurred in this District; Defendants conducted business in California and in this District and the willful infringement of Plaintiff's intellectual property rights, including offering Plaintiff's Copyrights for sale, reproduction, display and performance, occurred in this District.

3. Plaintiff is, among other things, an author and motivational speaker, promoting his unique content to sales and management teams.

4. Plaintiff owns the intellectual property rights in his original content including, but not limited to, U.S. Copyright Registrations for *177 Mental Toughness Secrets of the World Class* (Registration #Txu001181965); *How Rich People Think* (Registration #Tx0008647869); and *Die Fat or Get Tough* (Registration #Tx0008647867) (collectively, "Plaintiff's Copyrights").

5. Plaintiff filed this action against Defendants alleging, *inter alia*, that without authorization or permission from Plaintiff, Defendants entered into at least five different agreements including the Book 21 Contract (attached as Exhibit E to the Complaint), the 2012 Sunmark Contract (attached as Exhibit F to the Complaint), the 2013 Embassy Contract (attached as Exhibit G to the Complaint), The 2016 Sunmark Renewal Contract (attached as Exhibit H to

the Complaint) and the 2018 Embassy Contract (attached as Exhibit I to the Complaint) (collectively, the "Unauthorized Contracts") to publish, reproduce, display and/or perform Plaintiff's Copyrights, even signing Plaintiff's name without his authorization or permission to do so.

6. Plaintiff has no adequate remedy at law and the alleged harm to Plaintiff and the public outweighs any legitimate interest of Defendants.

7. Defendants, on the one hand, and Plaintiff, on the other, desire to avoid the cost and expense of trial and to resolve the referenced disputes in a business-like fashion, but intend that the Court retain continuing jurisdiction in the event of a breach of a separate settlement agreement between Defendants and Plaintiff relating to this case (the "Settlement Agreement") or this Consent Judgment and Permanent Injunction, or other need for judicial intervention.

In Accordance with the Settlement Agreement, the parties hereto stipulate and agree to this consent judgment and to the entry of a permanent injunction against Defendants in the form set forth below.

It is hereby ORDERED, ADJUDGED and DECREED that:

1. <u>Plaintiff's Copyrights are Valid and Enforceable.</u> Plaintiff's Copyrights are valid and enforceable.

2. <u>Permanent Injunction Against Defendants.</u> Defendants, and all of their agents, employees, representatives, customers, successors, assigns, attorneys, and all other persons acting for, with, by, through or under the authority of Defendants or each of them are permanently enjoined and restrained from directly or indirectly infringing Plaintiff's Copyrights in any manner by:

    a. promoting, selling, offering to sell, using, displaying, performing, advertising, distributing, licensing, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, or web sites, Plaintiff's Copyrights;

b. reproducing, distributing, displaying, selling or offering for sale any products that copy protected elements of Plaintiff's Copyrights or substantially similar variations thereof;

   c. engaging in any acts of federal copyright infringement that would damage Plaintiff, including purporting to represent Plaintiff in any way in connection with any publishing contracts, executing Plaintiff's name to any publishing contract or otherwise selling or transferring in any way any rights, title or interest to Plaintiff's Copyrights.

3. <u>Contracts Deemed Unauthorized.</u>   The Unauthorized Contracts are invalid and unenforceable as to Plaintiff; Plaintiff did not execute or enter into the Unauthorized Contracts nor did Plaintiff provide any authority for Defendants to execute the Unauthorized Contracts on Plaintiff's behalf; accordingly declaratory judgment is granted as to the Ninth Cause of Action in the Complaint.

4. <u>Payment of Settlement Sum.</u>  Defendants shall play Plaintiff the agreed upon sum on the date set forth in the Settlement Agreement.

5. <u>Service.</u>  Service may be made upon the Parties by registered mail or overnight delivery service addressed as follows:

   To Defendants:   Wendy Keller,
                    1180 Cobblehill Court,
                    Hoffman Estates, IL 60169

   To Plaintiff:    Steve Siebold
                    Siebold Success Network
                    395 E. Main St.
                    Buford, GA 30518

   A copy of this Consent Judgment and Permanent Injunction shall be deemed sufficient notice under Fed. R. Civ. P. 65.

[PROPOSED] CONSENT JUDGMENT AND
PERMANENT INJUNCTION           4

6. <u>Retention of Jurisdiction to Enforce the Settlement Agreement and Consent Judgment and Permanent Injunction.</u>  The Court retains jurisdiction to enforce the Parties' Settlement Agreement and Consent Judgment and Permanent Injunction.

7. <u>Entry of Judgment.</u>  Final judgment is entered in favor of Plaintiffs as to the First, Second, Third and Ninth Causes of Action.  All other claims shall be dismissed with prejudice.  The Court expressly determines that there is no just reason for delay in entering this Consent Judgment and Permanent Injunction pursuant to Fed. R. Civ. P. 54(a), and the Court enters this Consent Judgment and Permanent Injunction against Defendants.

8. <u>Expenses</u>.  Each party shall bear its own costs and attorneys' fees in connection with this action.

9. <u>Waiver of Appeal</u>.  Plaintiff and Defendants affirmatively waive any and all rights to appeal.

10. <u>Dismissal</u>.  All remaining causes of action, shall be dismissed with prejudice; the motion for default judgment against Keller Media, Inc. is dismissed.

**IT IS SO ORDERED, DECREED, AND ADJUDUGED THAT FINAL JUDGMENT IS HEREBY ENTERED.**

The Clerk shall close this action.

Dated:  October 11, 2019

_____
Hon. George H. Wu
U.S. District Judge